UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Marlena Yates, | ) ) ) |
| Plaintiff, | ) ) **CIVIL ACTION No.:** _____ |
| v. | ) (Removed from Fayette Circuit Court, ) Case No.: 22-CI-03575) |
| CorrectCare-Integrated Health, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant CorrectCare-Integrated Health, LLC ("CorrectCare") hereby removes this action from the Fayette Circuit Court in the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. §§ 1446, 1453, and 1332(d) (the Class Action Fairness Act or "CAFA"). A copy of this notice is being filed with the Circuit Court. The grounds for removal of this action are as follows:

1. On January 6, 2023, CorrectCare was served with a Summons notifying it that Marlena Yates ("Plaintiff") had commenced this action by filing a Complaint in the Fayette Circuit Court in the Commonwealth of Kentucky, Case No. 22-CI-03575. Plaintiff alleges that CorrectCare misconfigured one of its web servers such that Plaintiff's personal and health information was publicly accessible over the internet, and then did not discover the exposure for several months. Plaintiff alleges that this constituted negligence, breach of contract, and an invasion of privacy, among other things. True and correct copies of the Summons and Complaint filed previously in the state court proceeding are attached as Exhibit 1.

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because 30 days have not elapsed since CorrectCare was served with the Summons and copy of the Complaint (Ex. 1).

3. Plaintiff brings this action individually and purportedly on behalf of a proposed class consisting of "[a]ll individuals whose PII [personally identifiable information] and/or PHI [protected health information] was compromised as a result of the Data Breach that Defendant discovered on or about July 6, 2022." (Compl. ¶¶ 139, 1). According to Plaintiff, there are at least 496,589 such individuals, "and likely closer to 600,000." (*Id.* ¶ 1).

4. Plaintiff alleges that CorrectCare is liable for exposing her personal and health information and not discovering that it had done so sooner. Plaintiff seeks a variety of relief, including an injunction prohibiting CorrectCare from misusing and disclosing her information; equitable relief requiring restitution and disgorgement of revenues purportedly wrongfully retained; three years of paid credit monitoring; actual, compensatory, statutory, and punitive damages; and statutory penalties. (*Id.* at 67). Based on these allegations of both monetary and equitable relief, the amount in controversy requirement has been met.

5. Removal of this action to the United States District Court for the Eastern District of Kentucky is proper under 28 U.S.C. § 1441(a) and § 1332(d) because there is minimal diversity of citizenship between Plaintiff and CorrectCare, the amount in controversy exceeds $5,000,000, and Plaintiff's proposed class has at least 100 members. The United States District Court for the Eastern District of Kentucky therefore would have original jurisdiction over this matter under 28 U.S.C. § 1332(d).

**AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE THAN AT LEAST ONE DEFENDANT.**

6. Plaintiff is a citizen of the State of California. (Compl. ¶ 18).

7. CorrectCare is a limited liability company organized under the laws of Kentucky (*Id.* ¶ 19) with its principal place of business in Lexington, Kentucky (*Id.* ¶¶ 19, 21). Under 28 U.S.C. § 1332(d)(10), it is a citizen of the Commonwealth of Kentucky.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

8. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

9. Under CAFA, "the claims of the individual class members shall be aggregated" to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). Even assuming the low end of Plaintiff's estimated class size—496,589 class members—that means that the average value of each class member's alleged claims need total only $10.07 to meet the $5,000,000 threshold for the class as a whole.

10. The value of just one of Plaintiff's requested relief—three years of paid credit monitoring—exceeds the $5,000,000 threshold. Public reports indicate that the cost of credit monitoring would be between $9 to $40 per month, per person.[1] Plaintiff requests three years of such monitoring for a putative class of at least 496,589 and "likely closer to 600,000" class members. (Compl. ¶ 1.) Therefore, that requested relief alone takes this case over the amount-in-controversy threshold.

11. In addition, Plaintiff alleges that medical data was potentially subject to unauthorized access and that the "asking price on the Dark Web for medical data is $50 per person and up." (*Id.* ¶ 107.) Plaintiff seeks as damages for the putative class of at least 496,589 and

---

[1] *See, e.g.*, Alexandria White, *How much does credit monitoring cost?*, CNBC SELECT, https://www.cnbc.com/select/how-much-does-credit-monitoring-cost/ (Nov. 16, 2021); Michelle Black, *Credit Monitoring: Is It Worth Paying for?*, FORBES ADVISOR, https://www.forbes.com/advisor/credit-score/credit-monitoring-is-it-worth-paying-for/ (Aug. 18, 2020).

"likely closer to 600,000" class members that purported value. (*Id.* ¶¶ 1, 130.) This requested relief alone also takes this case over the amount-in-controversy threshold.

12. These calculations do not include the value of the equitable relief Plaintiff seeks, which includes an injunction prohibiting CorrectCare from misusing and disclosing her information as well as restitution and disgorgement of revenues purportedly wrongfully retained. Plaintiff's allegations are that CorrectCare would need to "strengthen its data security systems and monitoring procedures" and "submit to future annual audits of those systems and monitoring procedures." (*Id.* ¶¶ 166, 201.) It is well established that the value of equitable relief, such as an injunction, is included in the amount in controversy. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011). Plaintiff's requested equitable relief provides further support for this Court to conclude that the amount in controversy has been met.

13. These calculations also do not include the value of the punitive damages Plaintiff seeks. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted). The request for punitive damages thus also supports a finding that the amount in controversy is more than $5,000,000.

14. These estimates constitute a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," which is all a notice of removal need include. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## THE CLASS SIZE IS AT LEAST 100 MEMBERS

15. According to Plaintiff, her proposed class includes at least 496,589 members, "and likely closer to 600,000." (Compl. ¶ 1).

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

16.     Neither the "home-state controversy" exception, 28 U.S.C. §§ 1332(d)(3) and (4)(B), nor the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), apply to this case for at least two reasons.  First, greater than one-third of the members of the proposed class are not Kentucky citizens.  That is because the Complaint does not list Kentucky as a state in which CorrectCare performs services.  (Compl. ¶ 29).  Second, during the three-year period preceding the filing of this action, at least one other putative class action has been filed—here in the Eastern District of Kentucky—asserting similar factual allegations against CorrectCare and alleging similar claims including negligence, breach of contract, and invasion of privacy.  *See* Class Action Complaint, *Hiley v. CorrectCare Integrated Health, LLC*, No. 5:22-cv-00319-DCR (E.D.K.Y. Dec. 7, 2022); 28 U.S.C. § 1332(d)(4)(A)(ii).

17.     Exhibit 1 contains true and correct copies of all process, pleadings, and orders served upon or otherwise received by CorrectCare.

18.     Promptly after the filing of this Notice of Removal, CorrectCare will notify Plaintiff in writing that this case has been removed and file a copy of the Notice of Removal with the Clerk of the Fayette Circuit Court in the Commonwealth of Kentucky.

DATED:  February 1, 2023                                  Respectfully submitted,

                                                                                   */s/ Burt A. Stinson*
                                                                                   Clark C. Johnson
                                                                                   Burt A. (Chuck) Stinson
                                                                                   Kaplan Johnson Abate & Bird LLP
                                                                                   710 West Main Street, 4th Floor
                                                                                   Louisville, KY 40202
                                                                                   cjohnson@kaplanjohnsonlaw.com
                                                                                   cstinson@kaplanjohnsonlaw.com

                                                                                   Kirkland & Ellis LLP
                                                                                   Devin S. Anderson (*pro hac vice to be filed*)
                                                                                   John P. Hannon (*pro hac vice to be filed*)
                                                                                   Elizabeth Nielson (*pro hac vice to be filed*)

60 East South Temple, Suite 700
Salt Lake City, UT 84111
(801) 877-8100
devin.anderson@kirkland.com
john.hannon@kirkland.com
elizabeth.nielson@kirkland.com

Kirkland & Ellis LLP
Jay P. Lefkowitz, P.C. (*pro hac vice to be filed*) 601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
lefkowitz@kirkland.com

*Attorneys for Defendant CorrectCare-Integrated Health, LLC*