UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VIRGINIA HILEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 22-319-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CORRECTCARE INTEGRATED | ) | **MEMORANDUM OPINION** |
| HEALTH, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ------------------------------------------------- | ) | ------------------------------------------------- |
| MARLENA YATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-021-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CORRECTCARE INTEGRATED | ) | |
| HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

***   ***   ***   ***

Plaintiffs Virginia Hiley, Anthony Leroy White, and Marlena Yates have filed a motion

to consolidate *Hiley, et al. v. CorrectCare Integrated Health, LLC*, No. 5: 22-CV-319-DCR

and *Yates v. CorrectCare Integrated Health, LLC*, No. 5: 23-CV-021-DCR.  The plaintiffs

request that the consolidated actions be filed under the docket of the first-filed *Hiley* action,

and given the new name "*In re CorrectCare Data Breach Litigation*" going forward.  The

plaintiffs also ask the Court to appoint Benjamin F. Johns of Shub Law Firm, LLC, Gary M.

Klinger of Milberg Coleman Phillips Grossman PLLC, J. Gerard Stranch IV of Branstetter,

Stranch & Jennings, PLLC, and Lynn A. Toops of Cohen & Malad, LLP, as interim co-lead

class counsel (collectively, "Proposed Interim Class Counsel") pursuant to Fed. R. Civ. P. 23(g).  The defendants do not oppose the relief requested.

CorrectCare Integrated Health, LLC ("CorrectCare") is a third-party health administrator which facilitates access to medical providers and manages claims payment processes within correctional environments.  In the course of conducting its business, CorrectCare gathered and maintained information from the plaintiffs and putative class members including their names, dates of birth, Social Security numbers, inmate IDs, and limited health information.  The plaintiffs allege that CorrectCare discovered on July 6, 2022, that one of its web servers was misconfigured such that patients' private information could be publicly accessed over the internet ("the Data Breach").  According to the plaintiffs' motion, the data was subject to unauthorized access for nearly six months and involved at least 496,589 patients' private information.

Virginia Hiley's private information was compromised during the Data Breach.  She subsequently experienced numerous breaches of her personal accounts and was subject to multiple phishing and scam calls.  Hiley filed Lexington Civil Action 22-CV-319 on behalf of herself and others similarly situated on December 7, 2022.  She alleges claims of negligence, breach of implied contract, negligence *per se*, breach of fiduciary duty, intrusion upon seclusion/invasion of privacy, and unjust enrichment based on the Data Breach.[1]  Marlena Yates filed a similar Complaint against CorrectCare in the Fayette Circuit Court on February

---

[1]     Plaintiff White joined the suit via an Amended Complaint on January 17, 2023. [Record No. 14]

1, 2023, which the defendants subsequently removed to this Court.  While Yates' legal claims are not identical to Hiley's, the underlying factual allegations are the same in both cases. [2]

Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides

> If actions before the court involve a common question or law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Whether cases involving common factual and legal issues should be consolidated for trial is a matter within the discretion of the trial court.  *See Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).  Once a court determines that there are common questions of law or fact, it also must consider the following factors before consolidating: whether the specific risks of prejudice and possible confusion are outweighed by the risk of inconsistent adjudications of common factual and legal issues; the burdens placed on parties, witnesses, and judicial resources posed by multiple lawsuits; the length of time required to resolve multiple suits as opposed to a single one; and the relative expense to all concerned of a single trial compared to multiple trials.  *See Cantrell v. GAF Corporation*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Here, common questions of law and fact predominate and therefore considerations of judicial economy would be served by consolidation.  There is no indication that any party would suffer prejudice as a result of consolidation, as the defendants do not object to the plaintiffs' motion to consolidate.  Because of the risk of duplicative discovery and motion

---

[2]    Yates' Complaint alleges negligence, breach of express contract, breach of implied contract, invasion of privacy, breach of fiduciary duty, and breach of confidence.

practice, the Court is satisfied that the advantages of consolidation outweigh "the specific risk of prejudice and possible confusion." *See id.* Accordingly, the motion to consolidate will be granted.

The defendants also seek designation of interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, which gives district courts authority to designate interim counsel to act on behalf of a *putative* class before determining whether to certify the action as a class action. Six attorneys have entered an appearance on behalf of the plaintiffs in *Hiley.* Two of them—attorneys Johns and Klinger—seek to be designated as co-lead interim class counsel. Six different attorneys have entered an appearance on behalf of the plaintiff in *Yates*. Two of those attorneys—Stranch and Toops—seek to be designated, as well. The plaintiffs and their attorneys agree that this arrangement is in the best interest of the plaintiffs "to form a unified front and cooperatively litigate the claims" against the defendant.

While Rule 23(g)(3) does not indicate when designation of interim counsel is appropriate, caselaw suggests that such designation is particularly appropriate when multiple putative class actions have been consolidated or are pending before a single court. *See Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853 (E.D. Mich. 2019). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2022). "It is common, and efficient, to appoint interim co-lead counsel in the same stroke as consolidating related actions." *Troy Stacy Enters.*, 337 F.R.D. at 409.

- 4 -

Designation of a co-leadership structure eliminates uncertainty regarding who will be primarily responsible for leading the consolidated action.

Class counsel, including interim counsel, must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). When considering whether to designate interim class counsel, the Court must consider the factors set forth in Rule 23(g)(1): the work counsel has done in identifying or investigating the potential claims involved in the action; counsel's experience in handling class actions, complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will devote to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *Gamboa*, 381 F. Supp. 3d at 867-68. The Court also may consider any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

The plaintiffs report that proposed interim counsel have committed "substantial, yet appropriate, time and resources" to this litigation, including reviewing consumer communications concerning the Data Breach, engaging in ongoing communications with absent class members, investigating the scope of the Data Breach and CorrectCare's public response, researching potential claims arising from the Data Breach, and using this information to prepare a Consolidated Complaint. The plaintiffs also have demonstrated that each proposed interim class counsel has substantial knowledge and is experienced with respect to class actions involving data breaches. Further, it appears that each of the attorneys and their law firms are willing and able to expend the resources necessary to ensure vigorous prosecution of the plaintiffs' claims. [*See* Record Nos. 32-6; 32-7; 32-8; 32-9 (attorney affidavits).]

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      The plaintiffs' unopposed motion to consolidate and appoint interim class counsel [Record No. 32] is **GRANTED**.

2.      Lexington Civil Action Nos. 5: 22-319-DCR and 5: 23-021-DCR are **CONSOLIDATED** for all purposes.  The lead case is hereafter Lexington Civil Action No. 5: 22-319-DCR, and all further filings are directed to be made in that civil action.  The consolidated action will be styled: "*In re CorrectCare Data Breach Litigation*."

3.      The following attorneys are designated interim co-lead class counsel: Benjamin F. Johns; Gary M. Klinger; J. Gerard Stranch IV; and Lynn A. Toops.

Dated: February 22, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky